Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 An objection is taken to this indictment, that it contains no averment that the offence was committed after the 1st Máy, 1792, which, it is alleged, is essential on an indictment upon a statute which prohibits an offence after a specified time. The authority referred to, lays down the rule, that where the prohibiting statute is recent, it is usual to allege
 
 expressly,
 
 that the offence was committed after the making of the statute ; but where the statute is ancient, this is not usual, and does not seem to be in any case necessary. Now it must be presumed, that a statute which was passed upwards of thirty years ago, must be generally known, and that no persons can be surprised, at this time, by a "charge under the act, when the indictment concludes against its form : nor would the averment, that the offence was committed after the 1st May, 1792, render the charge more certain, than when it is .specified to be committed in June, 1821.
 

 It is also objected, that the person who subscribes the indorsement on the bill, does not appear to have done so
 
 as foreman;
 
 that the letters, following his name, are equivocal, and may import many things. But it appears upon this record, that William Bullock was foreman of the Grand Jury when the bill was
 
 ibunó,
 
 and therefore, if no letters had been added after bis name, his subscription to the indorsement could only be- referred to his official act as foreman. The signature cannot bo refer”
 
 *441
 
 red to Bniiork's natural or prívalo capacity, for that gave ¡¡un no right to authenticate asi official paper, but his políticas capacity did
 
 \
 
 in the same manner, as if a magistrate signs a warrant, or a judgment, without any letters indicating his judicial character, the signature must, nevertheless, be referral to that. There must he judgment for the Stale.